**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 25-CR-20237-GAYLES/SHAW-WILDER**

**UNITED STATES OF AMERICA**

**v.**

**GORDON LOUIS,**

      **Defendant.**

_____/

**UNITED STATES'S RESPONSE TO THE DEFENDANT'S NOTICE OF FILING**
**SUPPLEMENT IN SUPPORT OF MOTION FOR DISCOVERY ON**
**<u>SELECTIVE PROSECUTION</u>**

The United States responds Defendant Gordon Louis's Notice of Filing Supplement

in Support of Motion for Discovery and for an Evidentiary Hearing on the Issue of Selective

Prosecution (DE 43) and states as follows:

**<u>INTRODUCTION</u>**

Even after scouring publicly available records from across the State of Florida and

filing over three hundred (300) pages of exhibits, the Defendant still fails to identify one single

similarly situated comparator.  In a desperate effort to suggest that such comparators exist,

the Defendant points to ten Republicans who were prosecuted by the State of Florida for what

the Defendant calls "voter fraud."  The Defendant neglects to mention that the "voter fraud"

committed by these individuals consisted of, among other things, (1) misdemeanor campaign

finance violations; (2) casting more than one ballot, (3) casting a ballot in the name of a

deceased person; and (4) election officials altering votes cast by legitimate voters.  Nor does

the Defendant mention that every single one of these acts of "voter fraud" occurred outside

the Southern District of Florida.   In short, despite searching across the entire State of Florida,

the Defendant was unable to find even one similarly situated comparator.  And for that reason, and for the reasons stated in the United States' opposition brief (DE 63), the Court should deny the Defendant's Motion (DE 33).

## **ARGUMENT**

The Supreme Court has been clear that a Defendant seeking discovery on a selective prosecution claim must come forward with a "credible showing of different treatment of similarly situated persons."  *United States v. Armstrong*, 517 U.S. 456, 470 (1996).  And the Eleventh Circuit has defined a "similarly situated person as:

> one who engaged in the same type of conduct, which means that the comparator committed the same basic crime in substantially the same manner as the defendant—so that any prosecution of that individual would have the same deterrence value and would be related in the same way to the Government's enforcement priorities and enforcement plan—and against whom the evidence was as strong or stronger than that against the defendant.

*United States v. Smith*, 231 F.3d 800, 810 (11th Cir. 2000).

This is an intentionally "rigorous" standard, but as the Supreme Court has noted, if a claim of selective prosecution is "well-founded" it should not be "an insuperable task" to prove that similarly situated people are being treated differently.  *See Armstrong*, 517 U.S. at 470 ("[I]f the claim of selective prosecution were well founded, it should not have been an insuperable task to prove that persons of other races were being treated differently than respondents."); *United States v. Cannon*, 987 F.3d 924, 937 (11th Cir. 2021) ("Discovery on a selective prosecution claim is subject to 'a correspondingly rigorous standard.'") (citation omitted).

Here, pursuant to the standard set forth in *United States v. Smith*, the Defendant must identify a sufficient number of "similarly situated" comparators who meet the following criteria: (1) non-U.S. citizens, (2) who are convicted felons, (3) who voted in multiple federal

elections, (4) who knowingly gave false information on a ballot affidavit or application, (5) who voted while on federal supervised release, (6) and who have criminal histories as significant as the Defendant's, which includes a ten-year federal sentence for possessing with intent to distribute narcotics and carrying a firearm in relation to a drug trafficking offense. He has failed to identify even one.

The Defendant implicitly asks this Court to relax the Eleventh Circuit's "similarly situated" person test and find that anyone who committed any act of dishonesty in connection with an election is similarly situated. The Eleventh Circuit has explicitly cautioned against this very practice, finding that a magistrate judge erred in applying the "similarly situated" person test at "too high a level of generality." *See Smith*, 231 F3d at 813 n.12 ("The magistrate judge applied the 'similarly situated' test at too high a level of generality, assuming that anyone who committed any violation of federal law in connection with the same election is "similarly situated" with Smith and Tyree.").

Here, none of the purported comparators cited in the Defendant's supplement are similarly situated to the Defendant.

First, all of the ten purported comparators reside—and committed the alleged offenses—outside the Southern District of Florida, and thus, this Office could not prosecute a single one of them, even if they were similarly situated. Additionally, the Defendant did not identify a single person who—like the Defendant—was ineligible to vote both because he was not a United States citizen and because he was a convicted felon who had not had his right to vote restored. Nor did the Defendant attempt to make any showing that the evidence against any of the purported comparators was as strong as the evidence against the Defendant. In several instances, the purported comparators were either acquitted of the voter fraud charge

or the Government declined to further prosecute them. *See* DE 43-3 at 42 (Nathan Hart acquitted of voter fraud charge); *id.* at 147 (State filed *Nolle prosequi* as to Charles Barnes); *id.* at 161 (State filed *nolle prosequi* as to Jonh Rider). In several other instances, the news reports cited by the Defendant suggest the defendants had strong defenses that are not present here. *See* DE 43-3 at 63–69; 95–99. And only one of the ten purported comparators had—like the Defendant—a significant prior federal conviction.

In short, after combing arrest records from across the entire State of Florida, the Defendant has proven unable to identify even one similarly situated comparator this Office could have prosecuted. This Court therefore should deny his Motion.

<div style="margin-left: 50%;">

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

By:     */s/ Timothy J. Farina*
        Timothy J. Farina
        Assistant United States Attorney
        Court ID No. A5503150
        99 Northeast 4th Street
        Miami, Florida 33132
        Telephone: (305) 961-9196
        Email: Timothy.Farina@usdoj.gov

        */s/ Sterling M. Paulson*
        Sterling M. Paulson
        Assistant United States Attorney
        Court ID No. A5503032
        99 N.E. 4th Street
        Miami, FL 33132
        Telephone (305) 961-9302
        Sterling.Paulson@usdoj.gov

</div>

4

**CERTIFICATE OF SERVICE**

I **HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the

Court and delivered to counsel of record using CM/ECF this 25th day of November 2025.

<div align="right">

*/s/ Timothy Farina*
Timothy Farina
Assistant United States Attorney

</div>