UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 25-20237-CR-GAYLES

UNITED STATES OF AMERICA,

   Plaintiff,

vs.

GORDON LOUIS,

   Defendant.

_____/

**REPLY TO GOVERNMENT'S RESPONSE TO NOTICE OF FILING
SUPPLEMENT IN SUPPORT OF
MOTION FOR DISCOVERY ON SELECTIVE PROSECUTION[1]**

In its response, the government again relies on *United States v. Smith*, 231 F.3d 800 (11th Cir. 2000)—and again fails to acknowledge that *Smith* involved the "similarly situated" standard applicable in a selective prosecution motion to dismiss—*not* a motion for discovery. *Smith* is, therefore, inapposite.

At this stage, Mr. Louis need only "produce '*some evidence* tending to show the existence of the essential elements' of a selective prosecution claim—discriminatory effect and discriminatory purpose." *United States v. Cannon*, 987 F.3d 924, 937 (11th Cir. 2021) (citation omitted) (emphasis added). Put differently, he must make "a *credible showing* of different treatment of similarly situated persons," *Armstrong*, 517 U.S. at 470 (emphasis added)—a "'*credible showing* that 'similarly situated

---

[1] The government filed its response on November 25, 2025. Undersigned counsel was out of the country from November 22, 2025, through December 2, 2025, and filed this reply upon her return.

individuals . . . were not prosecuted[,]'" *United States v. Bass*, 536 U.S. 862, 863 (2002). These standards are different for good reason: contrary to the government's characterization, Mr. Louis seeks discovery precisely because he does *not* have the ability to "comb[] arrest records from across the entire State of Florida" to identify every single case brought or not brought by the federal government. ECF No. [44]. Only the government has access to this trove of information.

Relying on publicly-available information, Mr. Louis has met his burden to obtain discovery. The government has alleged that Mr. Louis was, in part, ineligible to vote because of his past felony conviction. That was exactly the accusation leveled against Nathan Hart, ECF No. [43-3] at 47–49; John Boyd Rivers, ECF No. [43-3] at 63–69; and Kevin Bolton, ECF No. [43-3] at 95–98.[2] As for Robert Rivernider Jr., who cast a ballot in the name of his dead father, he was, like Mr. Louis, on federal supervised release and so known to federal law enforcement. ECF No. [43-3] at 18–24. In addition, Mr. Louis has found other Republican individuals in the state engaged in other types of voter fraud, such as casting a ballot in the name of a deceased person (Robert Rivernider Jr.), voting twice (Jay Ketcik and Joan Marie Halstead), altering voter registrations (Cheryl Hall) and inappropriate campaign contributions (Benjamin Paris). Mr. Louis has established that other voter fraud cases—some as similar as voting with a felony conviction, others more general voter

---

[2] Nathan Hart was found guilty of a false affirmation in connection with an election even if acquitted of voting by an unqualified elector. ECF No. [43-3] at 38 (defining Count 1), 42 (adjudicating Nathan Hart guilty of Count 1).

fraud cases—were committed by Republicans in the state of Florida and were not federally prosecuted.

Mr. Louis seeks discovery from the government to further learn about and identify those similarly situated comparators he would need to prevail on the *merits* of his selective prosecution motion. *Bass*, 536 U.S. at 863; *see also Smith*, 231 F.3d at 811. Mr. Louis need not identify identically-situated comparators at this stage. "Instead of 'clear evidence,' a successful discovery motion can rest on 'some evidence.'" *United States v. Washington*, 869 F.3d 193, 214 (3d Cir. 2017). Mr. Louis has more than met that standard.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By:   */s/ Helene Barthelemy*
Helene Barthelemy
Assistant Federal Public Defender
Florida Bar No.: 1044459
150 W. Flagler Street, Suite 1700
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: Helene_barthelemy@fd.org

3

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY certify that on **December 3, 2025**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *_/s/ Helene Barthelemy_*
Helene Barthelemy

4